UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GLENN D. ODOM, II,                                                             Plaintiff,

v.                                                                  Civil Action No. 3:17-cv-P118-DJH

KIMBERLY KELLEY et al.,                                       Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Glenn D. Odom, II, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is a convicted inmate currently incarcerated at the Little Sandy Correctional Complex. However, the allegations in his complaint concern his prior incarceration at the Kentucky State Reformatory (KSR). He names as Defendants the following employees of KSR: Sergeant Kimberly Kelley; Lieutenant Deanna Hawkins; Disciplinary Hearing Lieutenant Walter Wetzel; and Warden Aaron Smith.

Plaintiff alleges that on January 30, 2016, Defendant Kelley sprayed him with Oleoresin Capsicum (O.C.) spray when he dropped a cup of milk in his cell. He alleges that his eyes were flushed with saline but he was not allowed to shower. He states that Defendant Kelley stripped him of all of his clothing and put him in a "max. cell" with no mattress, clothing, or running water. He alleges that he was "forced to be nude in front of female staff and nurses – as well as

[15] other inmates for several days." He states that a disciplinary report was brought against him stating that three employees were injured when they were hit by an unknown liquid (believed to be semen and water). He alleges violations of his Eighth Amendment rights for being sprayed with O.C. and for being left "naked for days permitting inmates and female staff to see," as well as violations of his Fourteenth Amendment due process rights and equal protection rights for unlawful disciplinary proceedings.

Plaintiff attaches several documents as exhibits. Included is the disciplinary report form regarding the incident in January 2016, in which Plaintiff was "found guilty of a category 7-01 – physical action against an employee or non-Inmate." That form noted that Plaintiff was assigned to disciplinary segregation for 90 days and lost 180 days of good-time credit.

As relief, Plaintiff asks for: a declaration that the acts and omissions described in his complaint violate his rights; compensatory and punitive damages against Defendant Kelley; injunctive relief in the form of ordering Defendant Smith to allow inmates to shower after O.C. contamination; and a dismissal of Plaintiff's disciplinary conviction and report.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff

has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. *Injunctive and declarative relief*

Because Plaintiff has been transferred from KSR, his claims for injunctive and declarative relief are moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail.").

Additionally, Plaintiff's claims regarding the alleged unlawful disciplinary proceedings would have to be dismissed even if Plaintiff was still housed at KSR. His allegations regarding the disciplinary proceedings fail to state a claim for which relief may be granted because they are not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted). The favorable-termination requirement of *Heck* applies to prisoner allegations of due process violations in prison discipline hearings that result in the deprivation of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The *Heck* and

*Edwards* bar applies no matter the relief sought. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is clear that Plaintiff was found guilty after the disciplinary proceeding about which he complains in the instant action. There is no evidence that Plaintiff's disciplinary conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, his claims related to the disciplinary proceedings would have to be dismissed for failure to state a claim upon which relief may be granted even if he was still housed at KSR or had asked for monetary relief related to the disciplinary proceedings.

### B. Monetary relief

Because the requests for declarative and injunctive relief have been dismissed, the only claims left are the ones against Defendant Kelley for compensatory and punitive damages. He sues Defendant Kelley in both her official and individual capacities.

*1. Official-capacity claims*

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendant Kelley is an employee of the Commonwealth of Kentucky, the claims brought against her in her official capacity are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state officer or employee in her official capacity, he fails to allege a cognizable claim

under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendant in her official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendant Kelley will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a defendant who is immune from such relief.

    2. *Individual-capacity claims*

The Court will allow the individual-capacity claims against Defendant Kelley under the Eighth Amendment regarding the use of O.C. spray to go forward.

The Court also will allow the Plaintiff's Eighth Amendment claim that he was kept naked for fifteen days in view of female staff and nurses and others to go forward. *See Everson v. Mich. Dep't of Corr.*, 391 F.3d 737, 757 n.26 (6th Cir. 2004) ("[U]nder certain circumstances, the invasion of an inmate's bodily 'privacy' can violate the inmate's Eighth Amendment rights."); *Kent v. Johnson*, 821 F.2d 1220, 1227-28 (6th Cir. 1987) (holding that inmate had stated a claim under the Eighth Amendment by alleging that "female prison guards have allowed themselves unrestricted views of his naked body in the shower, at close range and for extended periods of time, to retaliate against, punish and harass him for asserting his right to privacy."); *Semelbauer v. Muskegon Cty.*, No. 1:14-CV-1245, 2015 WL 9906265, at *4 (W.D. Mich. Sept. 11, 2015) (noting that in *Kent* the Sixth Circuit analyzed an inmate's cross-gender viewing claim under both the Fourth and the Eighth Amendments).

Additionally, applying a liberal construction to Plaintiff's complaint as this Court is required to do, the Court also will allow Plaintiff's claim related to being left naked in a cell for fifteen days in view of female staff and nurses as well as other inmates to go forward under the Fourth Amendment. The Sixth Circuit has recognized "that a convicted prisoner maintains some

5

[Fourth Amendment] reasonable expectations of privacy while in prison, particularly where those claims are related to forced exposure to strangers of the opposite sex, even though those privacy rights may be less than those enjoyed by non-prisoners." *Sumpter-Bey v. Weatherford*, No. 3:10-1021, 2012 WL 1078919, at *5 (M.D. Tenn. Mar. 30, 2012) (quoting *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992)); *see also Hite v. Embry*, No. CIV.A 4:09CV-P73-M, 2010 WL 989158, at *4 (W.D. Ky. Mar. 12, 2010) (allowing a claim based on allegations that Defendant allowed female guards to view prisoner on surveillance video while he was naked and using the toilet to go forward under the Fourth Amendment even though Plaintiff did not specifically allege a Fourth Amendment violation).

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims related to the disciplinary proceedings and the claims against Defendant Kelley in her official capacity are **DISMISSED** for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

The Clerk of Court is **DIRECTED** to terminate Deanna Hawkins, Walter Wetzel, and Aaron Smith as parties to this action.

The Court will enter a separate Scheduling Order to govern the development of the remaining claims. In allowing those claims to continue, the Court expresses no opinion on their ultimate merit.

Date: July 14, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.009

6