UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GLENN D. ODOM, II,                                                                                      Plaintiff,

v.                                                   Civil Action No. 3:17-cv-P118-DJH

KIMBERLY KELLEY,                                                          Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Kimberly Kelley has filed a motion for summary judgment (DN 30). Plaintiff has responded (DN 33). The matter being ripe, the Court will deny the summary-judgment motion for the following reasons.

Defendant's first argument is that the case should be dismissed under Fed. R. Civ. P. 41(b) because Plaintiff failed to provide Defendant with relevant records or to certify that he had done so or to file his pretrial memorandum as required by the Amended Scheduling Order. Second, Defendant argues that Plaintiff's claim is barred by the one-year statute of limitations.

In response (DN 33), Plaintiff argues that summary judgment in Defendant's favor is not appropriate because Defendant has not responded to his discovery requests.

### *Requested dismissal under Rule 41(b)*

Under Rule 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Because disposition of claims on the merits is favored, however, the harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after 'less dire alternatives' have been tried without success." *Noble v. U.S. Postal Serv.*, 71 F. App'x 69, 69 (D.C. Cir. 2003).

Plaintiff filed notices (DNs 27 and 29) to this Court stating that he was not neglecting this action but that the Kentucky State Penitentiary refused to give him legal documents necessary to file appropriate motions to prove that the Kentucky State Reformatory withheld his legal documents for eight weeks. Thus, although Plaintiff failed to meet certain deadlines set forth by the Court, he has offered some explanation as to why. Defendant does not argue that Plaintiff's dilatoriness has been prejudicial to her. Neither has she asked for nor has the Court imposed "'less dire alternatives'" on Plaintiff. The Court finds that dismissal of Plaintiff's case pursuant to Rule 41(b) is not warranted.

### *Statute-of-limitations argument*

Defendant argues that Plaintiff's claim is barred by the one-year statute of limitations because the events which form the basis of his claim took place on January 30, 2016, and Plaintiff did not file his complaint until February 27, 2017, more than a year later.

Because 42 U.S.C. § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. St. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.

First, Defendant erroneously uses the date on which the complaint was docketed as the date it was filed. Because Plaintiff is a prisoner, his complaint is considered filed on the date that he gave it to prison authorities to mail, not the date that it is actually filed in the docket. Here,

his complaint indicates that Plaintiff gave it to prison authorities for mailing in February 2017 but does not provide the date. Thus, it could have been given to prison authorities for mailing as early as February 1, 2017.

As the Sixth Circuit Court of Appeals has explained:

> The defendants' focus on the court's date stamp overlooks the "prison mailbox rule." Under this relaxed filing standard, a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988)).

*Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

Second, the one-year statute of limitations is tolled while exhaustion of prison administrative remedies occurs. *Waters v. Evans*, 105 F. App'x. 827, 829 (6th Cir. 2004); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). This tolling occurs because a prisoner cannot bring suit in federal court until the administrative remedies at the facility are exhausted and it would be unfair to penalize a prisoner for not bringing his claims during the limitations period while administrative proceedings were still ongoing. *See Brown*, 209 F.3d at 596. Thus, although the statute of limitations begins to run once Plaintiff becomes aware of the injury, it is tolled while the prisoner seeks redress through administrative proceedings at the prison. *Gibbons v. Ky. Dep't of Corr.*, No. 3:07CV-P697-S, 2009 WL 1247095, at *2 (W.D. Ky. May 5, 2009).

In Plaintiff's complaint he states that he has exhausted his available administrative remedies because, although he could not file a grievance related to a disciplinary action under Kentucky Department of Corrections policies, he "still wrote letters of complaint to all Dep. Wardens, Warden, and Internal Affairs" and a Prison Rape Elimination Act complaint. Thus, it appears that the statute-of-limitations period was tolled for some period of time while Plaintiff pursued administrative remedies.

"When a defendant moves for summary judgment on the grounds of statute of limitations, on which it bears the burden of proof, it has the obligation to affirmatively point out the absence of a genuine issue of material fact." *Green v. Philadelphia Cty. Prisons*, No. CIVA 00-5330, 2006 WL 2869527, at *6 (E.D. Pa. Oct. 4, 2006). Here, Defendant does not attach any evidence showing that Plaintiff did not attempt to exhaust his administrative remedies.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (DN 30) is **DENIED**.

Date: February 20, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Counsel of record
4415.009